UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TALLYS WHITE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 11-2926** |
| **OFFICER X, ET AL.** | **SECTION: "N" (4)** |

### ORDER

Before the Court is a **Motion for Leave to File Amended Answer (R. Doc. 13)**, filed by Defendant Albert Sharp ("Sharp"), seeking an order from this Court granting him leave to amend his answer to assert the affirmative defense of insufficient service of process.

Sharp's motion was noticed for submission, and heard on the briefs on May 30, 2012. Local Rule 7.5 requires any party opposing a motion to "file and serve a memorandum in opposition to the motion . . . no later than eight days before the noticed submission date." L.R. 7.5. Thus, any memoranda in opposition were due no later than May 22, 2012. Plaintiff Tallys White ("White") failed to file a memorandum in opposition to the motion, nor did he request leave to file an untimely memorandum in opposition. Thus, Sharp's motion is unopposed.

Federal Rule of Civil Procedure ("Rule") 15(a), which governs the amendment of pleadings, provides that leave to amend pleadings "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a)(2). This, and other federal rules, "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355

U.S. 41, 48 (1957). Thus, Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). Leave to amend is by no means automatic. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). However, the decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court. *Id.* In exercising its discretion, the trial court may consider such factors as (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party by virtue of allowance of the amendment; and (4) futility of the amendment. *Gregory v Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981).

Here, Sharp entered an appearance in the case on January 4, 2012, by filing an answer to the complaint. Sharp contends that he did so in order to avoid default. He now seeks leave to amend his answer to assert the affirmative defense of insufficient service of process due to White's alleged failure to serve Sharp with a copy of the summons and the complaint within 120 days of the filing of the complaint - or by March 22, 2012 - in contravention of Federal Rule of Civil Procedure 4(m).

Indeed, a review of the docket sheet reveals that a summons was issued as to Sharp by the Clerk's office on November 29, 2011. (R. Doc. 5.) However, the summons was not returned executed by White.

Further, Sharp's motion is unopposed. No scheduling order has been issued, and a trial date has not been set. At this stage of the litigation, it cannot be said that there has been undue delay, bad faith, or dilatory motive on the part of Sharp, or that White would be prejudiced by the amendment. Further, there has been no repeated failure by Sharp to cure deficiencies by amendments previously allowed, nor is the amendment futile.

Accordingly,

**IT IS ORDERED** that Sharp's **Motion for Leave to File Amended Answer (R. Doc. 13)** is **GRANTED AS UNOPPOSED**.

New Orleans, Louisiana, this 17th day of July 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**