UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TALLYS WHITE | CIVIL ACTION |
| VERSUS | NO. 11-2926 |
| OFFICER X, ET AL. | SECTION "N" (4) |

**ORDER AND REASONS**

Presently before the Court is the "Motion to Dismiss Defendant Warden Howard Prince" (Rec. Doc. 9). Having carefully reviewed the parties' submissions and applicable law,[1] the Court finds that Defendant Prince's motion should be granted for essentially the reasons stated in his supporting memorandum (Rec. Doc. 9-1). Absent a facially plausible allegation in Plaintiff's complaint of personal involvement by Warden Price, or an official policy implemented by him, as

---

[1] As discussed in *Bishop v. Shell Oil Co.*, No. 07-2832, 2008 WL 2079944, *1-2 (E.D. La. 5/16/08) (Engelhardt, J.), Rule 8 of the Federal Rules of Civil Procedure requires that the complaint provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, 534 U.S. 506, 511, 122 S. Ct. 992, 998 (2002) (internal citations omitted); *see also Christopher v. Harbury*, 536 U.S. 403, 416, 122 S. Ct. 2179, 2187 (2002) (the elements of the plaintiff's claim(s) "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant"). Although a complaint does not need "detailed factual allegations, . . . more than labels and conclusions are necessary, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal citations and quotations omitted); see also *Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Thus, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 570)). The degree of required specificity, however, depends on context, *i.e.*, the type of claim at issue. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

well as facts sufficient to provide fair notice of the grounds upon which Prince's alleged "deliberate indifference" rest, Plaintiff fails to state a claim against Prince upon which legal relief can be granted pursuant to 42 U.S.C. §1983. Accordingly, **IT IS ORDERED** that Defendant Price's motion is **GRANTED** to the extent that Plaintiff's claims against him are **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to file, no later than twenty (20) days from the entry of this Order and Reasons, an amending <u>and</u> superseding complaint remedying the pleading deficiencies identified herein. The amending and superseding pleading must include all of the allegations from the original complaint on which Plaintiff continues to rely, as well as his additional allegations.

New Orleans, Louisiana, this 20th day of December 2012.

**KURT D. ENGELHARDT**
**United States District Judge**