UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TALLYS WHITE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 11-2926** |
| **OFFICER X, ET AL.** | **SECTION: "N" (4)** |

### ORDER

Before the Court is Plaintiff, Tallys White's, ("White") **Motion for Reconsideration of Document 43 Order Granting Document 35 Motion to Compel (R. Doc. 46)**, seeking reconsideration of the Court's Order granting Defendant, Albert Sharp's, ("Sharp") **Motion to Compel (R. Doc. 35)**, which required White to respond to Sharp's discovery requests. The Motion is opposed (R. Doc. 48), and was heard on the briefs on August 7, 2013.

**I.    Background**

This is a case involving allegations of excessive police force which allegedly resulted in the violation of the civil rights of the plaintiff pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 1983. (R. Doc. 1). In brief, White alleges that on November 24, 2010, he came to understand that the police were "looking for him . . . with the intention of causing him bodily harm," an event that White apparently "anticipated with overwhelming fear of horrific doom." (R. Doc. 1, pp. 3-4). White does not indicate why the police were pursuing him. Instead, White alleges that he first

attempted to travel to a relative's house, and after pulling into the relative's driveway, he exited his vehicle, placed his head over his hands, and indicated that he was surrendering. *Id.* at 4. Notwithstanding this gesture, White alleges that Defendants immediately unleashed a "police dog" who "ravenously attacked and maimed" White. Several police officers then approached White, and then kicked and beat him "into complete and total unconsciousness." *Id.* White has sued, *inter alia*, Sharp in his individual capacity, as well as his capacity as a Deputy in the Tangipahoa Police Force. *Id.* at 2.

On June 28, 2013, the Court heard by oral argument Sharp's Motion to Compel Rule 33 Interrogatories. White neither opposed the Motion, nor appeared at oral argument even though ordered to do so by the Court. Having no basis on which to rule adversely against Sharp's Motion, the Court found that it should be granted, and awarded Sharp attorney's fees.[1] Subsequently, White filed the instant motion for reconsideration, which is opposed.

## II. Standard of Review

The ruling by which this Court granted Sharp's Motion to Compel is a non-dispositive pretrial matter. As such, review under Federal Rule of Civil Procedure ("Rule") 60 is not applicable, as this Rule addresses final judgments and final Orders. *See* Rule 60 (Advisory Comment Note, explaining that the use of the word "final" emphasizes the character of the judgments, orders[,] or proceedings from which Rule 60(b) affords relief); *see also Benson v. St. Joseph Regional Health Center*, 575 F.3d 542, 547 (5th Cir. 2009) (applying Rule 60 to final orders and judgments). Similarly, Rule 59 does not strictly apply because this Rule pertains to the alteration or amendment of "judgments" where there has been no trial. Rule 59(e); Rule 54(a) ("'[j]udgment' as used in these

---

[1]This Motion is also pending before the Court. (R. Doc. 44).

2

rules includes a decree and any order from which an appeal lies.").

Instead, for this type of pretrial ruling, the Court has the power to "afford such relief from them as justice requires." *See* Rule 60 (Advisory Comment Note to 1946 amendment). In these cases, courts have applied the "less stringent" requirement under Rule 54(b). In these cases, courts have applied the "less stringent" requirement under Rule 54(b). *See Century Products Co. v. Cosco, Inc.*, 2003 WL 251957, at *5 (N.D. Tex. 2003). Rule 54(b) states that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment." *Id.*

In keeping with the Rule 54(b) standard, the Fifth Circuit has held that "[i]t is a well established rule of trial procedure that a district court may reconsider . . . a previous interlocutory order at its discretion." *Holoway v. Triola*, 172 F.3d 866, 1999 WL 129656, at *1 (5th Cir. Feb. 2, 1999) (Table, Text in Westlaw) (citing Rule 54(b)); *Saqui v. Pride Cent. America, LLC*, 595 F.3d 206, 210-11 (5th Cir. 2010). "The exact standard applicable to the granting of a motion under Rule 54(b) is not clear, though it is typically held to be less exacting than would be a motion under Rule 59(e)." *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 474-75 (M.D. La. 2002).[2] Courts have found that Rule 54(b) permits a court to reconsider its decision and reverse it for any reason deemed "sufficient." *Saqui v. Pride Central America, LLC*, 595 F.3d

---

[2]Accordingly, some sections of this Court have referenced the factors under Rule 59(e) as a guide in determining whether the movant has provided reasons for reconsideration of an interlocutory order. *See, e.g.*, *Gulf Fleet Tiger Acquisition, L.L.C. v. Thoma-Sea Ship Builders, L.L.C.*, 284 F.R.D. 146, 151-53 (E.D. La. 2012) (Brown, J.); *Castrillo v. Am. Home Mtg. Serv'ing Co.*, No. 09-4369, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (Vance, J.); *Rosemond v. AIG Ins.*, No. 08-1145, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009) (Barbier, J.); *In re Katrina Canal Breaches*, No. 05-4182, 2009 WL 1046016, at * 2 (E.D. La. Apr. 16, 2009) (Duval, J.). The four factors under that Rule are: (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law.

3

206, 211 (5th Cir. 2010).

### III. <u>Analysis</u>

In support of his Motion, White argues that Sharp's discovery was propounded on him on April 3, 2013. (R. Doc. 46-1, p. 1). However, this was prior to the June 20, 2013 Rule 26(f) conference which took place between the parties. *Id.* White argues that the plain language of Rule 26(f) demonstrates that the discovery request was untimely, and that the parties had begun the discovery process prior to the Rule 26(f) conference either of their own volition, or pursuant to a Court order. *Id.*[3] For these reasons, White argues that Sharp's Motion to Compel should be denied.

In opposition, Sharp argues that White failed to respond to his motion, and did not appear at the Court-ordered oral argument, where he might have brought the premature nature of the discovery to the Court's attention. (R. Doc. 48, p. 1). Sharp also argues that the parties informally "agreed and discussed the discovery process prior to the Rule 26(f) conference, and the . . . conference simply confirmed such discussions." *Id.* For example, Sharp contends that White sent Sharp his medical records pursuant to a subpoena in "January 2012,"[4] and requested deposition dates of White in April 2013. *Id.* at 2. These actions, according to Sharp, should foreclose the possibility of "hiding behind" the Rule 26(f) barrier at this juncture. *See id.* Sharp also states that he is reserving the right to "assert sanctions by order of the court in the event [White's] responses are not timely." *Id.*

Regardless of the intent of the parties, or whether a factual ambiguity not in the Court's cognizance could have and should have been clarified in advance, the plain language of the Federal

---

[3] For reasons unknown to the Court, White argues that "Batiste's" discovery responses were premature. *Id.*

[4] It is not clear whether Sharp means January 2012, or January 2013.

Rules is clear. Rule 26(d)(1) states that "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . or when authorized by these rules, by stipulation, or by court order." *Id.* Sharp concedes that at the time he propounded his discovery, no Rule 26(f) conference had occurred. Further, he provides no evidence to support his contention that the parties were discussing the discovery process informally, or had arrived at a "discovery plan" in advance of the conference. Other courts in this district have granted motions for reconsideration of discovery motions when it was brought to the Court's attention that no Rule 26(f) conference had occurred at the time the motion was filed. *See Cowboy Mouth, L.L.C. v. Monkey Hill Productions, Inc.*, No. 98-2615, 1998 WL 781234, at *1-*2 (E.D. La. Nov. 4, 1998).

Here, the discovery propounded by Sharp was plainly premature under Rule 26(f), and therefore White's Motion for Reconsideration should be granted. As such, the Court's prior Order (R. Doc. 43) is vacated and rescinded, and this Order put in its place. The Court cautions the parties that failure to appear at court-ordered hearings may result in future impositions of sanctions.

**IV.    Conclusion**

Accordingly,

**IT IS ORDERED** that Defendants, Officer X, et al.'s, ("Defendants") **Motion for Reconsideration of Document 43 Order Granting Document 35 Motion to Compel (R. Doc. 46)** is **GRANTED**. The Court's prior **Order (R. Doc. 43)** is **VACATED** and **RESCINDED**, and this Order put in its place.

**IT IS FURTHER ORDERED** that Defendant, Albert Sharp's, ("Sharp") **Motion to Compel (R. Doc. 35)** is **DENIED**.

**IT IS FURTHER ORDERED** that Sharp's **Motion to Fix Attorney's Fees (R. Doc. 44)**

is **DENIED AS MOOT**.

New Orleans, Louisiana, this 7th day of August 2013.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**